**Richard E. STONE, Plaintiff–Appellant,**

v.

**PAMOJA HOUSE, also known as Black Veterans for Social Justice Inc., NYC Dept. of Homeless Services, Defendants–Appellees.**

**No. 03–9174.**

United States Court of Appeals, Second Circuit.

Oct. 6, 2004.

Richard E. Stone, New York, NY, for Appellant, pro se.

Ralph P. Franco, Jr., Purcell & Ingrao, P.C., Mineola, NY, for Appellee Pamoja House.

Scott Shorr, New York, NY, for Appellee NYC Dep't of Homeless Services.

Present: McLAUGHLIN, POOLER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiff–Appellant Richard Stone appeals from a judgment of the district court granting defendants-appellees summary judgment on Stone's 42 U.S.C. § 1983 claims. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review a district court's grant of summary judgment *de novo.* *Mack v. Otis Elevator Co.,* 326 F.3d 116, 119 (2d Cir. 2003). Summary judgment is properly granted when, viewing all evidence in the most favorable light to the non-moving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

To state a claim under § 1983, Stone must show a deprivation of a right created by the federal Constitution or federal law. 42 U.S.C. § 1983 (2000). Stone makes numerous factual and legal allegations. We interpret these allegations to claim constitutional violations in that Stone was 1) made the subject of a bill of attainder, 2) deprived of physical property without due process of law, 3) transferred between shelters without due process of law, and 4) restricted from intrastate travel, and consequently from voting.

**626**

Stone's arguments are without merit. We take each alleged violation in turn. First, Stone does not specify any legislation directed at him, and thus cannot show a bill of attainder. *See Shenandoah v. Halbritter,* 366 F.3d 89, 92 (2d Cir.2004). Second, Stone's bags were disposed of only after he abandoned his property interest in them by failing to retrieve them for almost a month after the storage expiration date. Absent any property interest, Stone cannot claim a due process violation. *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 576–77, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Third, we have not found, and Stone has not identified, any New York law giving Stone an entitlement to reside in the shelter of his choice. Absent such an entitlement, Stone has no property interest, and thus no due process claim. *Id.* Fourth, far from prohibiting or encumbering travel, appellees facilitated travel by providing two buses a day, which Stone failed to take advantage of by arriving early enough to obtain a seat.

Stone also alleges numerous errors on the part of the magistrate judge before whom he tried his case. We have reviewed the complete record and conclude that since Stone failed to state a claim under § 1983, any error, if there be error, is therefore harmless.

We therefore affirm the judgment of the district court.